James L. Farina, J. Dillon Hoey, P.C., Chicago, Ill., for plaintiff.

Robin B. Katz and Thaddeus S. Gauza, Freeman, Freeman & Salzman, P.C., Chicago, Ill., for defendant.

Dwight DILTZ, Plaintiff,

v.

IOWA INTERSTATE RAILROAD, LTD., a railroad corporation, Defendant.

No. 89 C 1733.

United States District Court, N.D. Illinois, E.D.

June 27, 1989.

## ORDER

BUA, District Judge.

This order concerns the motion of plaintiff Dwight Diltz to dismiss the counterclaim against him filed by his former employer, defendant Iowa Interstate Railroad, Ltd. ("Iowa Interstate"). Diltz filed the instant action claiming that during his employment as an engineer with Iowa Interstate, he suffered a loss of hearing because he was required to work on locomotives whose unsafe design and condition caused him to be subjected to excessively loud, piercing noise levels. Diltz alleges that by employing him under these unsafe working conditions, Iowa Interstate violated the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* and the Boiler Inspection Act, 45 U.S.C. §§ 22–34.

In response to Diltz's allegations, Iowa Interstate filed a counterclaim alleging negligent and reckless conduct on the part of Diltz. Specifically, Iowa Interstate's counterclaim alleges:

4. As its employee, counterdefendant Diltz owed Iowa Interstate a duty to execute his duties in a safe and efficient manner.

5. Counterdefendant Diltz breached his duty to Iowa Interstate by operating locomotives despite his knowledge that his hearing was inadequate to operate locomotives safely.

6. The reckless and negligent conduct of Dwight Diltz has in fact resulted in an accident and Iowa Interstate has in fact suffered damages as a direct and proximate cause of counterdefendant's negligent and reckless conduct.

Although Diltz has moved to dismiss the counterclaim on several grounds, the court needs to address only one of these arguments to dispose of Iowa Interstate's counterclaim. Diltz correctly maintains that Iowa Interstate's assertions are insufficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8 requires the claimant to provide the defendant (or, as here, counterdefendant) with sufficient notice of his claim to permit adequate responsive pleading. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See* 5 Wright & Miller, Federal Practice and Procedure: Civil § 1216 (1969). In this case, Iowa Interstate's counterclaim vaguely alleges that Diltz's "negligent conduct" has caused "an accident." Iowa Interstate fails to allege the nature of the accident, the time and place it occurred, the parties involved, or the nature of the injuries allegedly suffered. These allegations do not provide Diltz with sufficient notice of Iowa Interstate's claim. Diltz cannot reasonably be expected to form an adequate responsive pleading based on Iowa Interstate's claim. Therefore, Diltz's motion to dismiss Iowa Interstate's counterclaim is granted.